UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NATHANIEL H. MITCHELL,

                Plaintiff,                    Case No. 1:13-cv-209

v.                                     Honorable Robert J. Jonker

D. STEPHENS et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro*

*se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state

a claim.

## **Factual Allegations**

Plaintiff Nathaniel[1] H. Mitchell presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Maximum Correctional Facility (AMF), though the action he complains of occurred while he was at the Michigan Reformatory (RMI). He sues the following RMI employees: Mailroom Leadworker D. Stephens, Facility Manager D. Lance, and Warden C. Palmer.

Plaintiff alleges that, in early December, 2010, while he was incarcerated at the Michigan Reformatory, he filed a motion to remand for an evidentiary hearing with the Michigan Court of Appeals. On April 26, 2011, Plaintiff was packed up during the process of being transferred to AMF. Plaintiff's transfer was completed in two steps. On April 26, he was transported from RMI to the Chippewa Correctional Facility (URF), where he spent the night. The following day, he was transported from URF to AMF.

A year later, in May 2012, Petitioner wrote to the Michigan Court of Appeals concerning the status of his application for leave to appeal and his motion to remand. On May 22, 2012, he received a letter from the clerk of the court of appeals, informing him that his delayed application for leave to appeal had been denied on April 26, 2011. He also was informed that his motion to remand had not been processed by the court of appeals because it had been captioned as a motion to be filed in the Saginaw Circuit Court. (*See* Attach. to Compl., docket #1-1, Page ID#8.)

---

[1] The name given on Plaintiff's complaint is spelled "Natheniel," though the electronic database maintained by the Michigan Department of Corrections spells his name "Nathaniel." *See* Mich. Dep't of Corr. Offender Tracking Information System (OTIS), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=232793 (last visited Feb. 28, 2013). For purposes of this opinion, the Court has used the spelling taken from the MDOC records.

Plaintiff alleges that Defendants, who were the officials responsible for his mail delivery, did not attempt to forward the mail to from RMI to AMF, thereby denying him access to the courts. He further alleges that the failure to properly process his legal mail violated Michigan Department of Corrections Policy Directive 05.03.118. For relief, he seeks compensatory and punitive damages.

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also*

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff makes no specific factual allegations against Defendants, other than his claim that they failed to adequately ensure that Plaintiff received his legal mail on one occasion. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant engaged in any active unconstitutional behavior.

In addition, even assuming that one or more of the Defendants had actual involvement with the handling of Plaintiff's mail, Plaintiff alleges nothing more than simple negligence by an official on a single occasion. Negligent official conduct does not become actionable simply because it is committed by a government official. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986) (holding that the Due Process Clause does not protect against negligent conduct by a governmental official); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that negligence is insufficient to support an Eighth Amendment claim; a state official's conduct must be deliberately indifferent to be actionable). To state an access-to-the-courts claim, Plaintiff must allege and prove that a Defendant's action was intentional, not merely negligent. *See Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006) (citing *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003)). Because Plaintiff's allegations, at best, suggest that some official was negligent, he fails to state a claim under § 1983.

Finally, Plaintiff's allegation that Defendants violated prison policy by failing to deliver his mail is not actionable under § 1983. Section 1983 does not provide redress for a violation of a state law or procedure. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and

the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state-law claims will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      March 8, 2013              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE